UNITED STATES DISTRICT COURT

OCALA DIVISION

FILED

2022 NOV 14  PM 12: 48

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

COLEMAN LOW WARDEN:  GUNTHER

CRIMINAL CONVICTION

V  CASE NO. _____        DISTRICT OF SOUTH CAROLINA

5:22-CV-561-BJD.PRL

FRANKLIN ANTONIO FULLER #31290-171   CASE NO. 6:16-CR-00458(J)

## MOTION FOR FIRST STEP ACT EARNED CREDIT TIME

## PURSUANT TO 28 U.S.C. SECTION 2241

COMES NOW, Petitioner, Franklin Fuller pro se and informa pauperis, and respectfully request the Honorable Court credit him with First Step Act of 2018 "Earned Credit Time" (hereafter "ECT") due to the failure of Coleman Low's ability to follow the law after almost 4 years.

In support the Petitioner will show the following.

1. The First Step Act of 2018 became effective on December 19, 2018

2. The law mandate that certain inmates could earn ECT for taking programming and participating in productive activities.

3. The Department of Justice through the Bureau of Prisons was to implement the ECT on January 14, 2020. This date was changed to January 14, 2022 in an effort to allow the BOP more time to resolve any conflicts and system start up problems.

4. Coleman Low had more than 45 months to implement ECT. Inmates who qualify for these time credits in many cases receive none and Petitioner will

lose more than 1 year of his ECT if the Court does not intercede and apply the law.

The Department of Justice/Bureau of Prisons 28CFR Parts 523 and 541 (BOP-1176P) RIN 1120-AB76, FSA Time Credit was placed on the Federal Register/Vol. 87 No. 12/Wednesday, January 19, 2022/Rules and Regulations.  This is the stated policy of how First Step Act/Earned Credit Time is codified by the Bureau of Prisons  and applied to the eligible inmates.  Pursuant to the Rules and Regulations the Petitioner has earned the following:

5.  Petitioner entered a Plea Agreement on March 8, 2018 to Count 1 possession of a controlled substance pursuant to 21 U.S.C 841(a)(1), (b)(1)(c).(See Attached Exhibit 1)  The Plea Agreement is clear and specific. (Doc 53)(Exhibit 1)

6. Petitioner was sentenced to 120 months on 4/4/2019 by Honorable Timothy M. Cain. (Doc 64)(Exhibit 2)

7.  In the Judgement in a Criminal Case the court accidentally listed another count of Petitioner's Indictment in error not Count 1.  This error is not identified in the Docket and was only discovered after the Petitioner was transferred to the federal prison.

The other count included a possession of a weapon charge that was dismissed.  Upon discovery of this error the United States Attorney General filed a Rule 36: Correction of Clerical Error. (See Exhibit 3)

8.  The Amended Judgment In a Criminal Case clearly states the earlier charge is dismissed.  Moreover, it states only the possession charge as the grounds of the conviction.

9.  The Coleman Low substance-abuse program: RDAP has refuses to recognize the Amended Judgment and therein refuses to grant the Petitioner the 1 year of early release he would earn upon completion of RDAP in January 2023.

10. Although RDAP continues to deny the one year of credit time upon graduation the Petitioner is earning credit time pursuant to FSA. This conflict can not be resolved, due largely to untrained and a lack of understanding of the law by staff.

11. On the one hand inmates can not receive FSA-ECT if they are convicted of a 924(c) gun charge, yet Petittioner is earning (eligible) the credit time but being denied the one year due to the non-existent gun charge.

12. Petitioner will have earned approximately 735 days of ECT in January of 2023 and 365 days of early release for completion of RDAP. That is a total of 1100 total days. One year of early release: ECT; and 420 days of home confinement. Petitioner's Statutory Release Date is Projected to be 12-12-24 or immediate release (See Exhibit 6)

13. Attached hereto and made part hereof by reference is an Argument about the proper applications of the First Step Act of 2018's Earned Credit Time. This is an unusual case in that it also includes an obvious error on the part of the RDAP program in the application of the 1 year of early release upon graduation.

## CONCLUSION

For the foregoing reason and pursuant to the Law Petitioner, Franklin A. Fuller respectfully requests the proper application of his FSA ECT and the additional one year of RDAP early release time in January 2023.


Respectfully,

Franklin Fuller # 31290-171

Federal Correctional Complex Coleman-Low
P.O. Box 1031
Coleman, Fl 33521

## Statement of Fact

Section 102 (b) of the First Step Act amends 18 U.S.C. 53624(b) to give federal inmates more potential credit for good conduct. See First Step Act of 2018, PL 115-391, 132 Stat. 5194 §102(b)(1) (amendment to §3626 (b)); 102(b)(2). The BOP on January 14, 2022 submitted to the Federal Register a new regulation implementing the time credits program, required by the First Step Act of 2018, for persons incarcerated in federal facilities who committed nonviolent offenses. Under the Program, prisoners earn 10 to 15 days of time credits for every 30 days of successful participation in Evidence Based Recidivism Reduction ("EBRR") programs and "productive activities ("PA"). These earned credits are applied toward earlier placement in prerelease custody.

To date, Earned Time Credits ("ETC") have not been applied to qualifying inmates. The BOP has delivered a 59 page Program Statement that has identified some of the qualifying EBRR programs and a list of PA. The failure on the local level to apply ETC toward home confinement when applied too late to supervised release, is a failure at every level. First, classification is based on PATTERN Scorea which are incorrect in over 20% of the prison population and always to the disadvantage of the inmate. Second, the BOP is suffering substantial staffing shortages and the remaining staff is being augmented into custody duty making the application of FSA Time Credits and PATTERN Score correction a low priority. Thirdly, the Program Statement is ambiguous. Men and Women who serve crucial positions in the prison: Plumbers, HVAC, Electricians, mental health services, education, etc. may or may not be doing Productive Activities based on their unit team. Fourth, there is no centralized program that the administrators (counselors

1

and case managers) can refer to. No computer program they can feed the information into. Therefore each inmate's various activities are judged individually by a single staff member based on the ambiguous Program Statement and arbitrary and ad hoc application of the FSA.

The COVID-19 pandemic exposed many federal agencies as grossly incompetent. The BOP is considered one of the worst of the 432 agencies (Forbes July 19, 2022). From NBC News: Staffing shortages and deficient training leaves First Step Act floundering federal prison employees say "This is the biggest failure I've seen of something that's a law. It's pathetic, It's not going at all." Joe Rojas, the literacy coordinator at Coleman Correctional Complex. "I'm the Education Department Director and we're never open, and if we are it is barely. Most of us are augmented: There's no programming."

Even with limited programming, COVID-19 restrictions, staffing shortages and over 2 1/2 years of lockdown, many inmates have accumulated over a year of ETC that would be served as home confinement. Inmates working at UNICOR or participating in the RDAP substance abuse treatment have close to 2 years of ETC that will be served in home confinement.

It must be noted that the BOP program statement was radically changed in the Federal Register/Volume 87, No. 12/ Wednesday, January 19, 2022/ Rules and Regulations page 2705. It is still ambiguous, in violation of the letter and intent of the law, but it is substantially better than its original directive. Three years after the fact the BOP has not resolved the substantial PATTERN Score failures or applied the law correctly. But, the real failure is that the prisons simply lack the training, staff, motivation, and expertise to properly implement

2

the time credits and the defendant's now look to the court to apply the law correctly for in this case justice delayed is **Justice Denied.**

The FSA provides that "a prisoner shall earn 10-15 days of time credits for every 30 days of successful participation in "EBRR" programming or "PA." Much of the programming was denied to inmates at Coleman Low due to staffing and the over 2 1/2 years of constant lockdown.

Only about 40% of BOP inmates can earn FSA Time Credits. The law does not cap the amount of FSA Time Credit an inmate can earn. The Attorney General may act such that the DOJ grabs hold of the Time Credit in light of the massive failure of the BOP. This follows the failure of the BOP to protect the inmate population from COVID-19 where the death rate was 5 times the general population. According to BOP's own record in 4 years only 8,600 inmates have gotten sentence recalculations. That is less that 1% of the prison Population (.0059). It should be noted, several programs such as UNICOR and RDAP earn 15 days and more than one program can be completed at the same time.

District Courts have stepped in to correct this problem: **Dyer v Fulgram** Case No. 1:21cv299 (Ed Tenn May 20, 2022; **Stewart v Snider** (June 20, 2022); **Marier v Bergami**, Case No. 21C50236 (ND III Aug 9, 2022). (The surprising and unnanounced policy is this: "When inmates reach the "24 months" is that the law gives an inmate, in good standing, 1 year of half-way house and completion of the RDAP substance abuse treatment reduces the inmate sentence by 1 year. Essentially, the BOP is killing the Earned Time Credit by delaying the process.

An inmate who had participated and has ETC of 2 years (most inmates) automatically lose some or all of his or her ETC under the current procedure. "We estimate that there are thousands of inmates who will not receive the full benefit, days off of their federal prison sentence due to the First Step Act simply, because the agency is uncertain how to calculate their benefits." Walter Pavic, President of the consulting firm Prisonology LLC, told NBC news. Gilna Derek, Director of Research for Federal Legal News wrote: "Let me be clear: the system's archaic computer system is not capable of properly processing those credits and won't be for many years. All calculations must be done by hand, as admitted under oath." The agency has NO idea when this task will be completed and often will intentionally mislead you, or deflect blame. If you want these credits start your remedies."

﹏ 1. Pre-release custody includes halfway house and home confinement. Inmates, by law, can receive 1 year of halfway house but home confinement was not limited under FSA. The CARES Act, a subordinant law to to FSA dealing with the COVID-19 pandemic eliminated any limit on home confinement. Both laws use the PATTERN Score to determine eligibility and release status. If the FSA Earned Time Credit ("ETC") exceeds the legally allowed halfway house release date the Director of the BOP at his or her discretion may apply the ETC to 12 months of Supervised Release. The PATTERN Score and the implementation of ETC was to be completed on January 19, 2020. This was not done.

4

## STATEMENT OF SERVICE

I, Franklin A. Fuller, swear upon my oath and under the penalty of perjury that a true copy of the foregoing motion has been served on the Clerk of the Court, postage paid, first-class U.S. Mail on the below date and respectfully request the Clerk of Court to serve all interested parties via the CM/ECF docketing system.

Served Upon:

Warden Gunther

Coleman Low Federal Prison

P.O. Box 1021

Coleman, FL  33521

Franklin Fuller                    11-9-22

Affiant                    Date

## EXHIBITS

|     |                                                                      | Pages |
| --- | -------------------------------------------------------------------- | ----- |
| 1.  | Plea Agreement                                                       | 9     |
| 2.  | Docket Case No. 6:16-cr-00458(J)                                     | 6     |
| 3.  | Amended Judgment In a Criminal Case Case No. 6:16-cr-00458(J) Dated June 24, 2019 | 6     |
| 4.  | Information                                                          | 1     |
| 5.  | Administrative Remedy                                               | 1     |
| 6.  | Sentencing Monitoring Computation Data                             | 2     |

EXHIBIT 1

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No:   6:16-458 |
| v. | |
| FRANKLIN ANTONIO FULLER | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this ___8th___ day of _March_ , 2018, between

the United States of America, as represented by United States Attorney BETH DRAKE,

Assistant United States Attorney Max Cauthen; the Defendant, FRANKLIN ANTONIO

FULLER, and Defendant's attorney, Ryan Beasley.

IN CONSIDERATION of the mutual promises made herein, the parties agree as

follows:

1. The Defendant agrees to waive Indictment and arraignment and plead guilty to

    Count 1 of the Information now pending, which charges PWID Crack Cocaine, a

    violation of Title 21, United States Code, § 841.

    In order to sustain its burden of proof, the Government is required to prove the

following:

### Count 1

a. The defendant knowingly and intentionally possessed the controlled
   substance described in the indictment;

b.  At the time of such possession, the defendant knew that the substance possessed was a controlled substance; and

c.  The defendant possessed the controlled substance with the intent to distribute.

The penalty for this offense is:

21 USC 841(a)(1), (b)(1)(C) - in a case involving less than 28 grams of cocaine base and no prior felony drug conviction - a term of imprisonment of 20 years, a fine of $1,000,000 and a term of supervised release of at least three (3) years in addition to any term of imprisonment, plus a special assessment of $100.

2.      The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

A.      Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which

he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

B.  Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims.

C.  Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.  Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss any other indictments under this number at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4.  The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

## **Cooperation and Forfeiture**

5.    The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

A.    the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

B.    all additional charges known to the Government may be filed in the appropriate district;

C.    the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

D.    the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

6.  The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

7.  The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

   A.  known to the Government prior to the date of this Agreement;

   B.  concerning the existence of prior convictions and sentences;

   C.  in a prosecution for perjury or giving a false statement; or

   D.  in the event the Defendant breaches any of the terms of the Plea Agreement.

8.  Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United

States Code, § 3553(e) **or** Federal Rule of Criminal Procedure 35(b). Any such motion by the Government is not binding upon the Court, and should the Court deny the motion, the Defendant will have no right to withdraw his plea.

9.    The Defendant agrees to voluntarily abandon all right, title, interest and claim in the firearms and ammunition seized from him, to wit: a Smith and Wesson 9mm pistol, and a .22 caliber rifle.

10.   The Defendant also agrees to voluntarily transfer all right, title, interest and claim in the above-described property and/or assets to the United States of America. Furthermore, the Defendant attests, under penalty of perjury, that the Defendant owns the above-described property and/or assets free of any liens and encumbrances, and that no other person or entity has a claim to the above-described property and/or assets.

### Merger and Other Provisions

11.   The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the

proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

12.    The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

13.    The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without

limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. If the Defendant complies with all the terms of this Agreement, both parties agree that the appropriate disposition of this case (irrespective of any fines and/or forfeitures) **is a sentence of 120 months actual incarceration,** followed by the appropriate statutory term of supervised release. In the event that the Defendant complies with all terms of this Agreement and the Court declines to impose this sentence, either party will have the right to withdraw his FRCRP 11(C)(1)(c) plea. If the Defendant does not comply with all the terms of this Agreement, the United States may seek the maximum sentence allowed by law and the Defendant will not be allowed to withdraw his plea.

15. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

3-8-18
_____
Date

_____
FRANKLIN ANTONIO FULLER, DEFENDANT

3-12-18
_____
Date

_____
Ryan L. Beasley
ATTORNEY FOR THE DEFENDANT


BETH DRAKE
UNITED STATES ATTORNEY

3/12/2018
_____
Date

_____
Max B. Cauthen, III
Assistant U.S. Attorney
D.C. Bar No. 6732
55 Beattie Place, Suite 700
Greenville, SC 296 1
(864) 282-2100

EXHIB 2

CLOSED

# U.S. District Court
## District of South Carolina (Greenville)
## CRIMINAL DOCKET FOR CASE #: 6:16-cr-00458-TMC All Defendants

Case title: USA v. Fuller
Magistrate judge case number: 6:16-mj-00057-MCRI

Date Filed: 06/14/2016
Date Terminated: 04/24/2019

Assigned to: Honorable Timothy M Cain

**Defendant (1)**

**Franklin Antonio Fuller**
*TERMINATED: 04/24/2019*

represented by **David Wilson Plowden**
316 N Church Street
Walhalla, SC 29691
864-710-1577
Email: lawyer.d.plowden@gmail.com
*TERMINATED: 05/20/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Public Defender or
Community Defender Appointment

**Ryan L Beasley**
Ryan L Beasley Law Office
650 E Washington Street
Greenville, SC 29601
864-679-7777
Fax: 864-672-1406
Email: rlb@ryanbeasleylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Pending Counts**

21:841(a)(1)&(b)(1)(C) Possess with
intent to distribute a quantity of cocaine
base (crack), a Schedule II controlled
substance (5/6/16)
(1s)

**Disposition**

Dismissed

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:922(g)(1) also in violation of
18:924(a)(2) and 18:924(e). Felon in
possession of firearms being a Smith and
Wesson 9mm pistol and a .22 caliber
rifle.
(1)

**Disposition**

The defendant is sentenced to 120
months imprisonment and 3 years
supervised release. $100.00 special
assessment. Defendant remanded to the
custody of the United States Marshal.

**Highest Offense Level (Terminated)**

Felony

**Complaints**

18:922(g)(1) Felon in possession of a
firearm, a Smith and Wesson 9mm
handgun, and a 22 caliber rifle

**Disposition**

**Plaintiff**

USA

represented by **Maxwell Barnes Cauthen , III**
US Attorneys Office (Gville)
55 Beattie Place
Suite 700
Greenville, SC 29601
864-282-2113
Fax: 864-233-3158
Email: max.cauthen@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/09/2016 | 1 | COMPLAINT as to Franklin Antonio Fuller (1). (Attachments: # 1 affidavit in support) (ncha, ) [6:16-mj-00057-MCRI] (Entered: 05/09/2016) |
| 05/09/2016 | 3 | **Writ of Habeas Corpus ad Prosequendum Issued as to Franklin Antonio Fuller for as needed from Greenville County Detention Center signed by Magistrate Judge Jacquelyn D Austin on 5/9/16.(ncha, ) [6:16-mj-00057-MCRI] (Entered: 05/09/2016)** |
| 05/09/2016 | 4 | Arrest of Franklin Antonio Fuller. Clerk notified by: ATF. (awil, ) [6:16-mj-00057-MCRI] (Entered: 05/09/2016) |
| 05/09/2016 | 5 | **Minute Entry for proceedings held before Magistrate Judge Kevin McDonald: Initial Appearance as to Franklin Antonio Fuller held on 5/9/2016. Defendant present in custody. Federal Public Defender Loggins** |

| 07/20/2016 | 35 | MOTION to Continue by Franklin Antonio Fuller. No proposed order(Beasley, Ryan) (Entered: 07/20/2016) |
|---|---|---|
| 07/20/2016 | 36 | **TEXT ORDER granting 35 Motion to Continue as to Franklin Antonio Fuller (1). Ordered by Honorable Timothy M Cain on 7/20/16.(pbri, ) (Entered: 07/20/2016)** |
| 07/20/2016 | 37 | NOTICE OF CANCELLATION OF HEARING: 7/21/16 Pretrial as to Franklin Antonio Fuller (pbri, ) (Entered: 07/20/2016) |
| 07/25/2016 | 38 | **Minute Entry for proceedings held before Magistrate Judge Kevin McDonald: Motion Hearing as to Franklin Antonio Fuller held on 7/25/2016 re 28 MOTION for Bond *Reduction* filed by Franklin Antonio Fuller. Defendant present in custody with counsel. Defendant waived bond motion hearing with leave to revisit. Tape #Court Smart 4. (awil, ) (Entered: 07/25/2016)** |
| 08/02/2016 | 39 | SCHEDULING NOTICE as to Franklin Antonio Fuller: Motions due by 9/14/2016. Pretrial Conference and/or change of plea set for 9/27/2016 02:00 PM in G Ross Anderson Jr Court House, 315 S McDuffie St, Anderson before Honorable Timothy M Cain. (Attachments: # 1 Judge Cain Criminal Standing Order)(pbri, ) (Entered: 08/02/2016) |
| 09/27/2016 | 40 | **Minute Entry for proceedings held before Honorable Timothy M Cain: Pretrial Conference as to Franklin Antonio Fuller held on 9/27/2016. Defendant present with counsel and to enter a guilty plea. Court Reporter Debra Bull. (pbri, ) (Entered: 09/27/2016)** |
| 09/27/2016 | 41 | **Minute Entry for proceedings held before Honorable Timothy M Cain: Change of Plea Hearing as to Franklin Antonio Fuller held on 9/27/2016. Franklin Antonio Fuller (1) Guilty Count 1. Court Reporter Debra Bull. (pbri, ) (Entered: 09/27/2016)** |
| 09/27/2016 | 42 | Guilty PLEA ENTERED as to Franklin Antonio Fuller (pbri, ) (Main Document 42 replaced on 9/28/2016 to correct entry) (pbri, ). (Entered: 09/28/2016) |
| 09/11/2017 | 44 | MOTION for Extension of Time *to File Objections to the Presentence Investigation Report* by Franklin Antonio Fuller. No proposed order(Beasley, Ryan) (Entered: 09/11/2017) |
| 09/12/2017 | 45 | **TEXT ORDER granting 44 Motion for Extension of Time to File Objections to the PSR until 10/20/17 as to Franklin Antonio Fuller (1). Ordered by Honorable Timothy M Cain on 9/12/17.(pbri, ) (Entered: 09/12/2017)** |
| 01/18/2018 | 47 | NOTICE OF HEARING as to Franklin Antonio Fuller: Sentencing set for 2/21/2018 09:30 AM in G Ross Anderson Jr Court House, 315 S McDuffie St, Anderson before Honorable Timothy M Cain. (pbri, ) (Entered: 01/18/2018) |
| 02/21/2018 | 48 | NOTICE OF CANCELLATION OF HEARING: 2/21/18 Sentencing as to Franklin Antonio Fuller (pbri, ) (Entered: 02/21/2018) |
| 03/14/2018 | 51 | INFORMATION as to Franklin Antonio Fuller (1) count 1s. (sfla) (Entered: 03/16/2018) |

| | | |
|---|---|---|
| 03/15/2018 | 50 | PLEA AGREEMENT as to Franklin Antonio Fuller (Cauthen, Maxwell) (Entered: 03/15/2018) |
| 03/20/2018 | 53 | SCHEDULING NOTICE as to Franklin Antonio Fuller: Change of Plea Hearing set for 4/9/2018 09:30 AM in G Ross Anderson Jr Court House, 315 S McDuffie St, Anderson before Honorable Timothy M Cain. (pbri, ) (Entered: 03/20/2018) |
| 04/09/2018 | 54 | Minute Entry for proceedings held before Honorable Timothy M Cain: Arraignment as to Franklin Antonio Fuller (1) Count 1s held on 4/9/2018. Defendant present with counsel. Court Reporter Karen Martin. (pbri, ) (Entered: 04/09/2018) |
| 04/09/2018 | 55 | Minute Entry for proceedings held before Honorable Timothy M Cain: Pretrial Conference and Change of Plea as to Franklin Antonio Fuller held on 4/9/2018. Plea Agreement accepted pending the completion of the PSR. Franklin Antonio Fuller (1) Guilty Count 1s. Count 1 to be Dismissed. Court Reporter Karen Martin. (pbri, ) (Entered: 04/09/2018) |
| 04/09/2018 | 56 | WAIVER OF INDICTMENT by Franklin Antonio Fuller (pbri, ) (Entered: 04/09/2018) |
| 04/09/2018 | 57 | Guilty PLEA ENTERED as to Franklin Antonio Fuller (pbri, ) (Entered: 04/09/2018) |
| 04/09/2018 | 58 | ORAL MOTION for Bond reduction as to Franklin Antonio Fuller. (pbri, ) (Entered: 04/09/2018) |
| 04/09/2018 | 59 | TEXT ORDER denying 58 Oral Motion for bond reduction as to Franklin Antonio Fuller (1) for the reasons stated in court. Ordered by Honorable Timothy M Cain on 4/9/18.(pbri, ) (Entered: 04/09/2018) |
| 03/07/2019 | 63 | NOTICE OF HEARING as to Franklin Antonio Fuller: Sentencing set for 4/24/2019 09:30 AM in G Ross Anderson Jr Court House, 315 S McDuffie St, Anderson before Honorable Timothy M Cain. (pbri, ) (Entered: 03/07/2019) |
| 04/24/2019 | 64 | Minute Entry for proceedings held before Honorable Timothy M Cain: Sentencing held on 4/24/2019 as to Franklin Antonio Fuller. Court Reporter Debra Bull. (pbri, ) (Entered: 04/24/2019) |
| 04/24/2019 | 65 | JUDGMENT as to Franklin Antonio Fuller (1), Count(s) 1. The defendant is sentenced to 120 months imprisonment and 3 years supervised release. $100.00 special assessment. Defendant remanded to the custody of the United States Marshal. Signed by Honorable Timothy M Cain on 4/24/19.(pbri, ) (Entered: 04/24/2019) |
| 06/24/2019 | 68 | AMENDED JUDGMENT (title and section) as to Franklin Antonio Fuller (1). The defendant is sentenced to 120 months imprisonment supervised release. $100.00 special assessment. ~~in~~ custody of the United States Marshal. Signed on 6/24/19.(pbri, ) (Entered: 06/24/2019) |

EXHIBIT 3

AO 245C (SCDC Rev.11/16) Sheet 1 - Amended Judgment in a Criminal Case                    (NOTE: Identify Changes with Asterisks (*))

# United States District Court
## District of South Carolina

UNITED STATES OF AMERICA          **AMENDED JUDGMENT IN A CRIMINAL CASE**

vs.

Franklin Antonio Fuller                        Case Number: 6:16cr00458(1)
**Date of Original Judgment:** April 24, 2019     USM Number: 31290-171
*(or Date of Last Amended Judgment)*

Ryan Beasley
Defendant's Attorney

### Reason for Amendment:

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Modification of Supervision Conditions (18 U.S.C. §3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. §3582(c)(1))

☐ Reduction of Sentence for Changed Circumstances (Fed.R. Crim. P. 35(b))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. §3582(c)(2))

☐ Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35(a))

☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C.§2255 or ☐ 18 U.S.C.§3559(c)(7)

■ Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)

☐ Correction of Restitution

## THE DEFENDANT:

■ pleaded guilty to Count(s) 1s.
☐ pleaded nolo contendere to Count(s) on which was accepted by the court.
☐ was found guilty on Count(s) on after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:841(a)(1) and 841(b)(1)(C) | Please see information | 5/6/16 | 1s |

The defendant is sentenced as provided in pages 2 through 17 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)_____.

■ Count 1 of the indictment ■ is dismissed on the motion of the United States.

☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

June 24, 2019
Date of Imposition of Judgment

S/ Timothy M Cain
Signature of Judge

Honorable Timothy M Cain , USDJ
Name and Title of Judge

June 24, 2019
Date

AO 245B (SCDC Rev. 09/17) Judgment in a Criminal Case
Sheet 2 - Imprisonment                                                                    Page 2

DEFENDANT: Franklin Antonio Fuller
CASE NUMBER: 6:16cr00458

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of ONE HUNDRED AND TWENTY (120) MONTHS.

■   The court makes the following recommendations to the Bureau of Prisons:
It is recommended that the defendant participate in any substance abuse treatment that he may qualify for, and be allowed to enroll while incarcerated.

■   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:
☐ at _____ ☐ a.m. ☐ p.m. on _____.
☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
☐ before 2 p.m. on _____.
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:
Defendant.delivered on _____ to _____

___at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

AO 245B (SCDC Rev. 09/17) Judgment in a Criminal Case
Sheet 3 - Supervised Release                                                              Page 3

DEFENDANT: Franklin Antonio Fuller
CASE NUMBER: 6:16cr00458

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of
THREE (3) YEARS.
The defendant shall submit to random urinalysis testing as directed by the probation officer.

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test
      within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as
      determined by the court.
      □ The above drug testing condition is suspended, based on the court's determination that you pose a
      low risk of future substance abuse. *(check if applicable)*
4.    □  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute
         authorizing a sentence of restitution. *(check if applicable)*
5.    ■  You must cooperate in the collection of DNA as directed by the probation officer. *(check if
         applicable)*
6.    □  You must comply with the requirements of the Sex Offender Registration and Notification Act
         (42 U.S.C. §16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any
         state sex offender registration agency in the location where you reside, work, are a student, or
         were convicted of a qualifying offense. *(check if applicable)*
7.    □  You must participate in an approved program of domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any
other conditions on the attached page.

AO 245B (SCDC Rev. 09/17) Judgment in a Criminal Case
Sheet 3A- Supervised Release

Page 4

**DEFENDANT: Franklin Antonio Fuller**
**CASE NUMBER: 6:16cr00458**

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (SCDC Rev. 09/17) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Page 5

DEFENDANT: Franklin Antonio Fuller
CASE NUMBER: 6:16cr00458

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 100.00 | | $ N/A | $ N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.
   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution | Ordered Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
   ☐    The interest requirement is waived for the ☐ fine  ☐ restitution.
   ☐    The interest requirement for the ☐ fine  ☐ restitution is modified as follows:

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (SCDC Rev. 09/17) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments                                                    Page 6

DEFENDANT: Franklin Antonio Fuller
CASE NUMBER: 6:16cr00458

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ■    Lump sum payment of $ 100.00 due immediately, balance due

       ☐ not later than _____, or

       ☐ in accordance with   ☐ C,   ☐ D, or   ☐ E, or ☐ F below: or

B    ☐    Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C    ☐    Payment in equal _____(weekly, monthly, quarterly)  installments of $_____

       over a period of _____(e.g., months or years), to commence _____   (e.g., 30 or 60 days)  after the date of this judgment; or

D    ☐    Payment in equal _____(e.g., weekly, monthly, quarterly)  installments of $_
       _____over a period of _____(e.g., months or years), to commence _____
       (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    ☐    Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:
Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.
The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several
    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:
As directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment.

EXHIBIT 4

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR NO. 6:16-458 |
| | ) | 21 U.S.C. § 841(a)(1) |
| vs. | ) | 21 U.S.C. § 841(b)(1)(c) |
| | ) | |
| FRANKLIN ANTONIO FULLER | ) | **INFORMATION** |

THE UNITED STATES ATTORNEY CHARGES:

That on or about May 6, 2016, in the District of South Carolina, the Defendant,

FRANKLIN ANTONIO FULLER, knowingly, intentionally and unlawfully did

possess with intent to distribute a quantity of cocaine base (commonly referred to as

"crack cocaine"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

BETH DRAKE (MBC/jw)
UNITED STATES ATTORNEY

```
   COLHT  540*23 *              SENTENCE MONITORING          *    10-17-2022
PAGE 002 OF 002 *              COMPUTATION DATA             *    11:33:34
                               AS OF 10-17-2022

REGNO..: 31290-171 NAME: FULLER, FRANKLIN ANTONIO



------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 06-24-2019 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 06-24-2019 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 04-24-2019
TOTAL TERM IN EFFECT............:  120 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   10 YEARS
EARLIEST DATE OF OFFENSE........: 05-06-2016

JAIL CREDIT.....................:   FROM DATE       THRU DATE
                                    05-06-2016      04-23-2019

TOTAL PRIOR CREDIT TIME.........: 1083
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 540
TOTAL GCT EARNED................: 324
STATUTORY RELEASE DATE PROJECTED: 11-12-2024
ELDERLY OFFENDER TWO THIRDS DATE: 01-05-2023
EXPIRATION FULL TERM DATE.......: 05-06-2026
TIME SERVED.....................:    6 YEARS     5 MONTHS    12 DAYS
PERCENTAGE OF FULL TERM SERVED..: 64.4
PERCENT OF STATUTORY TERM SERVED: 75.6

PROJECTED SATISFACTION DATE.....: 06-05-2024
PROJECTED SATISFACTION METHOD...: FSA REL
    WITH FSA CREDITS INCLUDED...: 160

REMARKS.......: REQUESTED ADDITIONAL INFO FROM USPO REGARDING THE STATUTE
                AND CHARGE DISCREPANCY ON THE PSR AND J&C E/VC; 6-24-19
                RECV'D AJC W/CORRECTED STATUE AND CHARGE INFO E/VC
```

3651 690

11-12-2024
11-13-2023

```
G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

```
   COLHT  540*23 *                SENTENCE MONITORING           EXHIBIT 6
   PAGE 001         *             COMPUTATION DATA              10-17-2022
                    *             AS OF 10-17-2022         *    11:33:34
```

REGNO..: 31290-171 NAME: FULLER, FRANKLIN ANTONIO

```
FBI NO...........: 386801EA3
ARS1.............: COL/A-DES         DATE OF BIRTH: 09-28-1963  AGE:  59
UNIT.............: C-2
DETAINERS........: NO                QUARTERS.....: C08-123L
                                     NOTIFICATIONS: NO
```

FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 12-04-2023

FINAL STATUTORY RELEASE FOR INMATE.: 11-12-2024 VIA GCT REL
        WITH APPLIED FSA CREDITS.: 160  DAYS
THE INMATE IS PROJECTED FOR RELEASE: 06-05-2024 VIA FSA REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 ---------------------
COURT OF JURISDICTION...........: SOUTH CAROLINA
DOCKET NUMBER...................: 6:16CR00458(1)
JUDGE...........................: CAIN
DATE SENTENCED/PROBATION IMPOSED: 04-24-2019
DATE COMMITTED..................: 06-12-2019
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

```

|              | FELONY ASSESS | MISDMNR ASSESS | FINES   | COSTS   |
|--------------|---------------|----------------|---------|---------|
| NON-COMMITTED.: | $100.00    | $00.00         | $00.00  | $00.00  |

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

```
---------------------CURRENT OBLIGATION NO: 010 ---------------------
OFFENSE CODE....:  409      21:841 & 846 SEC 841-851
OFF/CHG: 21:841(A)(1) AND 841(B)(1)(C)POSSESSION WITH INTENT TO
        DISTRIBUTE COCAINE BASE (CT.1)

SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:  120 MONTHS
TERM OF SUPERVISION............:    3 YEARS
DATE OF OFFENSE................: 05-06-2016
```


G0002      MORE PAGES TO FOLLOW . . .

BP-S148.055

INMATE REQUEST TO STAFF CDFRM

U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRIS

| TO: (Name and Title of Staff Member) | DATE:<br>6-30-2022 |
|---|---|
| FROM:<br>Frankin A. Fuller | REGISTER NO.:<br>31290-171 |
| WORK ASSIGNMENT:<br>Kitchen / RDAP | UNIT:<br>C-2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.

I was sentenced in 2016. The sentencing docket
had a clerical error that included a gun conviction
pursuant to 922 & 924. The government discovered
the clerical error and file a Rule 36 correction
I was resentence pursuant to the plea agreement
and the factual basis. the Amended Judgement
in a Criminal Case (attached here to) clearly states:
"Count 1 of the indictment ■ is dismissed on the
motion of the United States" I did not have a weapo
I did not have a weapon enhancement. No weapon is part of the plea

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date<br>8/8/22 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER        **SECTION 6**